# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JONATHAN CLARK                                                        PLAINTIFF

v.                                               CIVIL ACTION NO. 1:19-CV-107-SA-RP

COMMISSIONER OF SOCIAL SECURITY                           DEFENDANT

## FINAL JUDGMENT

Plaintiff Jonathan Clark filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

The Commissioner's decision is not supported by substantial evidence because on remand from the Appeals Council with instructions to give further consideration to the medical source opinions of consultative examiners Dr. Morris and Dr. Alexander, the ALJ erroneously considered the opinions as having been given by the same physician – Dr. Morris – rather than by two different physicians.  The two physicians' opinions were consistent with one another in that they assessed significant limitations in the plaintiff's ability to perform routine repetitive tasks due to mental impairments, with Dr. Morris opining the plaintiff is unable to perform such tasks and Dr. Alexander opining the plaintiff is only partially able to perform such tasks.  The ALJ may have given more weight to these opinions had he appreciated that they were given independently by two different examining physicians rather than by the same physician.  If these

opinions were afforded more weight, the ALJ's RFC likely would have been more restrictive, which in turn likely would have affected the jobs available at step five, and the plaintiff may have been found disabled. As such, the ALJ's error is not harmless and this case must be reversed and remanded yet again for proper consideration of these medical source opinions.

The ALJ's decisions finding the plaintiff not disabled in this matter have been remanded twice previously – first by this court in Cause No. 1:15cv8-DAS and, after a subsequent decision, again by the Appeals Council. Both remand orders included instructions to provide further consideration to these two medical source opinions, which were given in 2010 and 2011. In its remand order, the Appeals Council also included instructions to obtain evidence, if necessary, from a medical expert to clarify the nature and severity of the plaintiff's impairments. The ALJ declined to do so and again, as discussed herein, gave improper consideration to the two medical source opinions, which are now almost ten years old.

Given the remoteness of the examining physician's examinations and reports, at the conclusion of the hearing on this matter the court indicated it would order that another consultative examination regarding the plaintiff's mental impairments be obtained on remand. However, upon further consideration, and because there is no argument in this appeal that the ALJ failed to fully and fairly develop the record, the court will not order such an examination. Nonetheless, it is not difficult to imagine that another unfavorable decision without a more recent consultative examination would be subject to challenge on appeal for failure to fully and fairly develop the record.

The Commissioner's decision is reversed and remanded for a reevaluation of the plaintiff's application with instructions to give proper consideration to the medical source opinions of Dr. Morris and Dr. Alexander.

**SO ORDERED**, this the 3rd day of December, 2019.

          /s/ Roy Percy
          UNITED STATES MAGISTRATE JUDGE